UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ILLINOIS

EASTERN DIVISION

| | | |
|---|---|---|
| FIREROCK GLOBAL OPPORTUNITY FUND LP, Individually and on Behalf of All Others Similarly Situated, | ) ) ) | Case No. 1:15-cv-03813-MSS-SF |
| | ) | CLASS ACTION |
| Plaintiff, | ) ) | Judge Manish S. Shah |
| vs. | ) ) | |
| RUBICON TECHNOLOGY, INC., et al., | ) ) | |
| Defendants. | ) ) | |
| | ) | |

**MEMORANDUM OF LAW IN SUPPORT OF FIREROCK GLOBAL OPPORTUNITY FUND LP'S MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD PLAINTIFF'S SELECTION OF LEAD COUNSEL**

Firerock Global Opportunity Fund LP ("Firerock") respectfully submits this memorandum of law in support of its motion for: (1) appointment as lead plaintiff in the above-captioned action pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. §77z-1; and (2) approval of its selection of Robbins Geller Rudman & Dowd LLP ("Robbins Geller") as lead counsel for the class.[1]

## I.     INTRODUCTION

Presently pending in this District is a securities class action brought on behalf of all purchasers of Rubicon Technology, Inc. ("Rubicon" or the "Company") common stock in the Company's public offering on or about March 19, 2014 ("March 2014 Offering"), seeking to pursue remedies under §§11, 12(a)(2) and 15 of the Securities Act of 1933 ("Securities Act").

Pursuant to the PSLRA, the Court "shall appoint the most adequate plaintiff as lead plaintiff for the consolidated actions." *See* 15 U.S.C. §77z-1(a)(3)(B)(ii). The lead plaintiff is the "member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members." 15 U.S.C. §77z-1(a)(3)(B)(i). Firerock should be appointed as lead plaintiff because it: (1) timely filed this Motion; (2) to its counsel's knowledge, has the largest financial interest in the relief sought by the class; and (3) will fairly and adequately represent the interests of the class. *See* 15 U.S.C. §77z-1(a)(3)(B)(iii). In addition,

---

[1]     This Court's Motion Practice requires "movant's counsel [to] ask opposing counsel where there is any objection to the motion." However, because of the PSLRA's procedure whereby any "purported class member . . . including any motion by a class member who is not individually named as a plaintiff in the complaint" may file a motion for appointment as lead plaintiff, 15 U.S.C. §77z-1(a)(3)(B)(i), Firerock will not know which other class members, if any, will seek appointment as lead plaintiff until after such motions are filed on June 29, 2015. Consequently, Firerock respectfully requests that the conferral requirement be waived in this narrow instance. Separately, counsel for Firerock conferred with counsel for defendants Canaccord Genuity Inc. and D.A. Davidson & Co. who take no position on Firerock's motion. Similarly, counsel for Rubicon and the individual defendants do not expect to take a position on any motions for the appointment as lead plaintiff and lead counsel, but have not seen any such motions, and therefore reserve their rights to take a position if appropriate.

Firerock's selection of Robbins Geller as lead counsel for the class should be approved. *See* 15 U.S.C. §77z-1(a)(3)(B)(v).

## II.    FACTUAL BACKGROUND

Rubicon describes itself as a vertically integrated, advanced electronic materials provider specializing in monocrystalline sapphire, which is commonly used as a substrate (*i.e.*, base layer) in light emitting diode (or LED) lighting technology. LED lighting can be found in numerous consumer products such as light bulbs, HDTVs, tablets, computer monitors and mobile phones. According to Rubicon, LEDs "are the future of lighting" because of "their environmentally-friendly, durable and energy efficient properties."

On December 6, 2013, Rubicon filed with the SEC an amended shelf registration statement (the "Form S-3A"), which included a form of prospectus (the "Prospectus") authorizing the Company and to-be-identified "selling stockholders" to sell up to $100,000,000 worth of shares of Rubicon common stock, at any time, in one or more offerings. On March 19, 2014, Rubicon filed with the SEC a prospectus supplement (the "Prospectus Supplement"), offering to register for sale at $13.00 per share 2.5 million shares of Rubicon common stock (not including an overallotment of 375,000 shares) by selling shareholder Cross Atlantic Funds (a group of funds controlled by one of Rubicon's directors). The Offering was sold pursuant to the Form S-3A, the Prospectus and the Prospectus Supplement (jointly referred to herein as the "Registration Statement").

The Registration Statement contained untrue statements of material facts, omitted to state other facts necessary to make the statements made not misleading and was not prepared in accordance with the rules and regulations governing its preparation. The Registration Statement negligently failed to disclose, for example, material trends, events and uncertainties known to management that were reasonably expected to have a material impact on the Company's income from continuing operations, including the reversal of its trend of shrinking losses, higher-than-

expected development costs and inventory write-offs due to Rubicon's inability to sell certain of its wafers during its 2014 first quarter at prices greater than their cost to manufacture, causing such inventory to be impaired under applicable accounting rules and regulations.

Then on May 1, 2014, the Company issued a press release and hosted a conference call regarding its first quarter of 2014. The Company reported disappointing financial results and revealed, among other things, that the trend of shrinking gross losses, operating losses, and losses per share from the prior quarters had dramatically reversed in the first quarter of 2014, reporting substantial increases in gross losses of $7.5 million, losses from operations of $10.9 million, and losses per share of $0.43. After the earnings call on May 1, 2014, the price of Rubicon common stock declined by 16%, from about $10 per share to $8.51 per share, and declined another almost 6% to $8.01 per share on May 5, 2014. At the time of the filing of the Complaint, the price of Rubicon common stock was down approximately 70% from the March 2014 Offering price.

## III. ARGUMENT

### A. Firerock Should Be Appointed Lead Plaintiff

The PSLRA establishes the procedure for the appointment of a lead plaintiff in "each private action arising under [the Securities Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. §77z-1(a)(1); *see also* 15 U.S.C. §77z-1(a)(3)(B)(i). First, the pendency of the action must be publicized in a widely circulated national business-oriented publication or wire service not later than 20 days after filing of the first complaint. 15 U.S.C. §77z-1(a)(3)(A)(i). Next, the PSLRA provides that the Court shall adopt a presumption that the most adequate plaintiff is the person that –

> (aa) has either filed the complaint or made a motion in response to a notice . . .;

> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §77z-1(a)(3)(B)(iii)(I). Firerock meets each of these requirements and should therefore be appointed as Lead Plaintiff.

### 1. Firerock's Motion Is Timely

The notice published in this action informed class members that the deadline to move for appointment as lead plaintiff was 60 days from April 30, 2015, or by June 29, 2015. *See* Motion, Ex. A; 15 U.S.C. §77z-1(a)(3)(A). As this Motion is being filed on June 29th, it is timely and Firerock has complied with the PSLRA's first requirement. Thus, Firerock is entitled to be considered for appointment as lead plaintiff.

### 2. Firerock Has the Largest Financial Interest in the Relief Sought by the Class

Firerock purchased 1,000 shares of Rubicon common stock in the March 2014 Offering and suffered in excess of $9,160 in losses as a result of the alleged misconduct. *See* Motion, Exs. B, C. To the best of its counsel's knowledge, there are no other named plaintiffs who have a larger financial interest. Therefore, Firerock satisfies the PSLRA's prerequisite of having the largest financial interest.

### 3. Firerock Satisfies the Rule 23 Requirements at This Stage

In addition to possessing a significant financial interest, a lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. §77z-1(a)(3)(B)(iii)(I)(cc). Rule 23 requires that "the claims or defenses of the representative parties are typical of the claims or defenses of the class; and [that] the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(3)-(4). "Only two of the Rule 23 requirements pertain" to the lead plaintiff motion: "typicality and adequacy." *Takara Trust v. Molex Inc.*, 229 F.R.D. 577, 580 (N.D. Ill. 2005). "A lead plaintiff's claims can be considered typical if

- 4 -

they arise out of the 'same event or practice or course of conduct that gives rise to the claims of other class members and . . . [its] claims are based on the same legal theory.'" *Id.* (citation omitted). The adequacy "requirement is met if the lead plaintiff is represented by adequate counsel and has no claims that conflict with or are antagonistic to the class." *Id.*

Firerock meets both the typicality and adequacy requirements of Rule 23. Indeed, "[i]ts claims are typical of – if not identical to – the claims of the class as a whole." *Id.* Like the purported class members, Firerock "claims it sustained losses from [Rubicon's] misrepresentations and inflations of stock value, and these claims arise under the same theory that [Rubicon's] course of conduct violated federal securities laws." *Id.* Furthermore, there is no evidence of antagonism or conflict between Firerock and the class. Firerock's substantial loss further demonstrates that it has a sufficient interest in the outcome of the case to ensure zealous advocacy on behalf of the class. *See* Motion, Exs. B, C. Additionally, as explained below, Firerock's proposed lead counsel is highly qualified, experienced and able to conduct this complex litigation in a professional manner.

Because Firerock filed a timely motion, has a large financial interest in the relief sought by and demonstrated its typicality and adequacy, the Court should adopt the presumption that Firerock is the "most adequate plaintiff."

### B.     The Court Should Approve Firerock's Selection of Lead Counsel

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to this Court's approval. *See* 15 U.S.C. §77z-1(a)(3)(B)(v). This Court should not disturb the lead plaintiff's choice of counsel unless it is necessary to "protect the interests of the class." 15 U.S.C. §77z-1(a)(3)(B)(iii)(II)(aa). Firerock selected Robbins Geller to serve as lead counsel.

Robbins Geller, a 200-lawyer firm with offices nationwide and in this District, is actively engaged in complex securities litigation. *See* Motion, Ex. D. Robbins Geller's reputation for excellence has been repeatedly noted by district courts throughout the country and has resulted in the

- 5 -

appointment of Robbins Geller attorneys to lead roles in hundreds of complex class action securities cases. *See id.* In this District, Robbins Geller methodically prepared the *Jaffe v. Household Int'l, Inc.*, No. 1:02-5893 (N.D. Ill. 2002) (Guzman, J.) case for trial over a 6-year period, including taking more than 60 depositions and reviewing millions of pages of documentary evidence. The *Household* trial demonstrates Robbins Geller's willingness to commit the necessary resources to protect the interests of the class. *See also Silverman v. Motorola, Inc.*, 2012 U.S. Dist. LEXIS 63477, at *11 (N.D. Ill. May 7, 2012) (St. Eve., J.) (granting final approval to $200 million settlement, the third largest securities class action settlement in the 7th Circuit, and noting that the "representation that Class Counsel provided to the class was significant, both in terms of quality and quantity"); *City of Sterling Heights General Employees' Retirement System v. Hospira, Inc.,*, No. 1:11-cv-08332 (N.D. Ill. (St. Eve, J.) (resulting in $60 million settlement); *Wong v. Accretive Health, Inc.*, No. 1:12-cv-3102 (N.D. Ill.) (Coleman, J.) (resulting in $14 million settlement).[2] Indeed, Robbins Geller attorneys are responsible for obtaining the largest securities fraud class action recovery ever, as well as the largest recoveries in the Fifth, Sixth, Eighth, Tenth and Eleventh Circuits.[3]

---

[2] Judge Melinda Harmon commented that the "experience, ability, and reputation of the attorneys of [Robbins Geller] is not disputed; it is one of the most successful law firms in securities class actions, if not the preeminent one, in the country." *In re Enron Corp. Sec.*, 586 F. Supp. 2d 732, 797 (S.D. Tex. 2008). Similarly, in approving the $600 million recovery by Robbins Geller attorneys in *Cardinal Health*, Judge Algenon Marbley noted that the "quality of representation in this case was superb." *In re Cardinal Health Inc. Sec. Litig.*, 528 F. Supp. 2d 752, 768 (S.D. Ohio 2007) (noting that the firm's attorneys are "nationally recognized leaders in complex securities litigation class actions" and the "quality of the representation is demonstrated by the substantial benefit achieved for the Class and the efficient, effective prosecution and resolution of this action").

[3] *See In re Enron Corp. Sec.*, No. H-01-3624 (S.D. Tex.) (Harmon, J.) ($7.3 billion recovery for the class is largest in U.S. history and in the 5th Circuit); *In re Cardinal Health, Inc. Sec. Litig.*, No. C2-04-00575 (S.D. Ohio) (Marbley, J.) ($600 million recovery for the class is the largest recovery in the 6th Circuit); *In re UnitedHealth Group Inc. Sec. Litig.*, No. 0:06-cv-01691 (D. Minn.) (Rosenbaum, J.) ($925 million recovery for the class is the largest recovery in the 8th Circuit); *In re Qwest Commc'ns Int'l, Inc. Sec. Litig.*, No. 01-cv-1451 (D. Colo.) ($445 million recovery for the class is the largest recovery in the 10th Circuit; Robbins Geller attorneys also created a mechanism that allowed class members to share an additional $250 million recovered by the SEC); *In re*

The Court may be assured that, in the event this Motion is granted, the members of the class will receive the highest caliber of legal representation available from Robbins Geller. *See* Motion, Ex. D. Accordingly, Firerock's selection of counsel should be approved.

---

*HealthSouth Corp. Sec. Litig.*, No. CV-03-BE-1500 (N.D. Ala.) ($671 million recovery for the class is the largest securities settlement in the 11th Circuit).

## IV.    CONCLUSION

Firerock has satisfied each of the PSLRA's requirements for appointment as lead plaintiff.

As such, Firerock respectfully requests that the Court grant its Motion for appointment as lead

plaintiff and approval of its selection of lead counsel.

DATED: June 29, 2015                    ROBBINS GELLER RUDMAN
                                                  & DOWD LLP
                                      BRIAN O. O'MARA (ILND-GB-7289)

                                               s/ BRIAN O. O'MARA
                                             BRIAN O. O'MARA

                    655 West Broadway, Suite 1900
                    San Diego, CA  92101
                    Telephone:  619/231-1058
                    619/231-7423 (fax)
                    bomara@rgrdlaw.com

                    ROBBINS GELLER RUDMAN
                       & DOWD LLP
                    SAMUEL H. RUDMAN
                    58 South Service Road, Suite 200
                    Melville, NY  11747
                    Telephone:  631/367-7100
                    631/367-1173 (fax)
                    srudman@rgrdlaw.com

                    ROBBINS GELLER RUDMAN
                       & DOWD LLP
                    JAMES E. BARZ (IL Bar #6255605)
                    FRANK RICHTER (IL Bar #631001)
                    200 South Wacker Drive, 31st Floor
                    Chicago, IL 60606
                    Telephone:  312/674-4674
                    312/674-4676 (fax)
                    jbarz@rgrdlaw.com
                    frichter@rgrdlaw.com

                    [Proposed] Lead Counsel for Plaintiff

ABRAHAM, FRUCHTER & TWERSKY LLP
JACK G. FRUCHTER
One Penn Plaza, Suite 2805
New York, NY 10119
Telephone: 212/279-5050
212/279-3655 (fax)
jfruchter@aftlaw.com

Additional Counsel for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that on June 29, 2015, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I caused to be mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on June 29, 2015.

s/ Brian O. O'Mara
BRIAN O. O'MARA

ROBBINS GELLER RUDMAN
   & DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA  92101-8498
Telephone:  619/231-1058
619/231-7423 (fax)

E-mail:bomara@rgrdlaw.com

- 1 -

# Mailing Information for a Case 1:15-cv-03813 Firerock Global Opportunity Fund LP v. Rubicon Technology, Inc. et al

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **James E Barz**
  jbarz@rgrdlaw.com,e_file_sd@rgrdlaw.com,susanw@rgrdlaw.com

- **John F. Batter , III**
  john.batter@wilmerhale.com

- **Gregory David Chisholm**
  gregory.chisholm@wilmerhale.com

- **Christina M. Egan**
  cegan@mcguirewoods.com,Karen.Wasserott@usdoj.gov,USAILN.ECFAUSA@usdoj.gov

- **Jacob Paul Hildner**
  jhildner@mcguirewoods.com

- **Peter J. Huh**
  phuh@reedsmith.com,knielsen@reedsmith.com

- **Seth A. Moskowitz**
  seth.moskowitz@wilmerhale.com

- **Brian O O'Mara**
  bomara@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Frank Anthony Richter**
  frichter@rgrdlaw.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)