UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ILLINOIS

EASTERN DIVISION

| | | |
|---|---|---|
| FIREROCK GLOBAL OPPORTUNITY FUND LP, Individually and on Behalf of All Others Similarly Situated, | ) | Case No. 1:15-cv-03813 |
| | ) | CLASS ACTION |
| Plaintiff, | ) | Judge Manish S. Shah |
| vs. | ) | |
| RUBICON TECHNOLOGY, INC., et al., | ) | |
| Defendants. | ) | |

SETTLEMENT AGREEMENT

This Settlement Agreement dated as of January 15, 2016 (the "Stipulation" or the "Settlement Agreement"), entered into pursuant to Rule 23 of the Federal Rules of Civil Procedure, embodies a settlement (the "Settlement") made and entered into by and among the following Settling Parties: (i) Lead Plaintiff Firerock Global Opportunity Fund LP ("Lead Plaintiff"), on behalf of itself and each of the members of the Class, as defined in ¶1.3, *infra*, on the one hand, and (ii) Defendants Rubicon Technology, Inc. ("Rubicon" or the "Company"), Raja M. Parvez, William F. Weissman, Don N. Aquilano, Donald R. Caldwell, Michael E. Mikolajczyk, Raymond J. Spencer, Canaccord Genuity Inc. ("Canaccord"), and D.A. Davidson & Co. ("D.A. Davidson") (with Canaccord Genuity, the "Underwriter Defendants") (all collectively, the "Defendants") on the other hand, by and through their counsel of record in the above-captioned litigation pending in the United States District Court for the Northern District of Illinois (the "Action"). The Stipulation is intended by the Settling Parties to fully, finally, and forever resolve, discharge, and settle the Released Claims, upon and subject to the terms and conditions hereof and subject to the approval of the Court. Throughout this Stipulation, all capitalized terms used, but not immediately defined, have the meanings given to them in Section IV.1, *infra*.

## I. THE LITIGATION

This case is currently pending before the Honorable Manish S. Shah in the United States District Court for the Northern District of Illinois (the "Court"). It is brought on behalf of a class (to be certified for settlement purposes only) of all persons who purchased the common stock of Rubicon pursuant to the Company's public offering on or about March 19, 2014 ("March 2014 Offering"). The initial complaint was filed on April 30, 2015 and alleged that Defendants violated §§11, 12(a)(2), and 15 of the Securities Act of 1933 ("Securities Act"). Thereafter, on July 15, 2015, the Court issued an order appointing Firerock Global Opportunity Fund LP as Lead Plaintiff, and

Robbins Geller Rudman & Dowd LLP and Abraham, Fruchter & Twersky, LLP as Lead Counsel. Lead Plaintiff filed its amended complaint on July 31, 2015 (the "Amended Complaint").

Lead Plaintiff's allegations in the Amended Complaint stem from the registration statement, prospectus, and prospectus supplement (collectively, the "Registration Statement") filed by Rubicon in connection with the Company's March 2014 Offering. Lead Plaintiff alleged that the Registration Statement, which became effective 12 days before the end of the first quarter of 2014, failed to disclose material information necessary to make the statements made not misleading and failed to disclose material trends, events, and uncertainties that were known to management and were reasonably expected to have a material impact on the Company's income from continuing operations, as required by Item 303 of SEC Regulation S-K. In particular, Lead Plaintiff alleged that the Registration Statement, by incorporating SEC filings that reflected trends of shrinking losses and costs, failed to disclose that these trends had reversed during the first quarter of 2014. Lead Plaintiff further alleged that the Registration Statement failed to disclose significant development costs and risks associated with Rubicon's new and highly touted "PSS" product and also failed to disclose that the Company was selling certain products at or below cost, which would result in a material inventory write-off. Finally, Lead Plaintiff alleged that the "risk factors" in the Registration Statement regarding costs, inventory write-offs, and the PSS product were false and misleading because they only warned of what might occur if certain contingencies were met; they did not make clear that such contingencies had, in fact, already manifested.

From the outset of the litigation, Defendants have denied all of these allegations and have consistently maintained that the Registration Statement was not false or misleading and stated all known material trends as required by Item 303 of SEC Regulation S-K. Defendants also contend that any losses suffered by members of the Class were not caused by any false or misleading statements by Defendants and/or were caused by intervening events.

Defendants anticipated filing a motion to dismiss the Amended Complaint. On August 28, 2015, however, the Settling Parties requested a stay of the motion to dismiss briefing schedule to allow the Settling Parties sufficient time to pursue mediation, which the Court granted on August 31, 2015. The Settling Parties participated in a full-day mediation session, as well as numerous follow up communications, with well-respected mediator Hunter R. Hughes, Esq., who has extensive experience mediating complex class action cases such as this Action. The mediation included the exchange of mediation statements prepared by Lead Plaintiff and Defendants. These mediation statements detailed the parties' respective arguments concerning liability and damages. Leading up to and during the mediation, the parties had substantial communications with the mediator and with each other regarding their respective views of the merits of the Action. The Settling Parties did not reach an agreement at the end of the mediation. After additional communications between Mr. Hughes and the Settling Parties, the Settling Parties ultimately agreed to an agreement-in-principle to settle the Action based upon a Mediator's Proposal issued by Mr. Hughes. After further negotiations, the Settling Parties agreed to the complete terms of the Settlement set forth in this Stipulation.

## II. CLAIMS OF LEAD PLAINTIFF AND BENEFITS OF SETTLEMENT

Lead Plaintiff and Lead Counsel believe that the claims asserted in the Action have merit. But Lead Plaintiff and Lead Counsel recognize and acknowledge the expense and length of continued proceedings necessary to prosecute the Action against Defendants through trial. Lead Plaintiff and Lead Counsel also have taken into account the uncertain outcome, risks, and expense in connection with Defendants' anticipated motion to dismiss, Lead Plaintiff's forthcoming motion for class certification, Defendants' anticipated summary judgment motion, and a jury trial, especially in complex matters such as this Action, as well as the risks posed by and the difficulties and delays relating to post-trial motions, and potential appeals of the Court's determination of said motions, or

the verdict of a jury. Lead Plaintiff and Lead Counsel are also aware of the risks presented by the defenses to the securities law violations asserted in the Action. Lead Plaintiff and Lead Counsel believe that the Settlement set forth in this Stipulation confers substantial benefits upon the Class in light of the circumstances present here. Based on their evaluation, Lead Plaintiff and Lead Counsel have determined that the Settlement set forth in this Stipulation is in the best interests of the Class.

## III. DEFENDANTS' DENIALS OF WRONGDOING AND LIABILITY

Defendants have denied and continue to deny that they have committed any act or omission giving rise to liability in this Action or otherwise and maintain that their conduct was at all times proper and in compliance with all applicable provisions of law. Defendants have denied and continue to deny specifically each and all of the claims and contentions alleged in the Action, along with all charges of wrongdoing or liability against them arising out of any of the conduct, statements, acts or omissions alleged, or that could have been alleged, in the Action. Defendants also have denied and continue to deny, *inter alia*, the allegations that any of the Defendants made, knowingly or otherwise, any material misstatements or omissions; that any member of the Class has suffered any damages; that the price of Rubicon common stock was artificially inflated by reason of any alleged misrepresentations, omissions, or otherwise; or that the members of the Class were harmed by the conduct alleged in the Action or that could have been alleged as part of the Action. In addition, Defendants maintain that they have meritorious defenses to all claims alleged in the Action.

Nonetheless, taking into account the uncertainty, risks, and costs inherent in any litigation, especially in complex cases such as this Action, Defendants have concluded that further conduct of the Action could be protracted and distracting. Defendants have, therefore, determined that it is desirable and beneficial to them that the Action be settled in the manner and upon the terms and conditions set forth in this Stipulation. As set forth in ¶¶9.2-9.3 below, this Stipulation shall in no event be construed as or deemed to be evidence of an admission or concession by Defendants or any

of the Released Persons with respect to any claim of any fault or liability or wrongdoing or damage whatsoever.

## IV. TERMS OF STIPULATION AND AGREEMENT OF SETTLEMENT

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and among Lead Plaintiff (for itself and the members of the Class), on the one hand, and Defendants, on the other hand, by and through their respective counsel of record, that, subject to the approval of the Court, pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, in consideration of the benefits flowing to the parties from the Settlement set forth herein, the Released Claims shall be finally and fully compromised, settled, and released, and the Action shall be dismissed with prejudice upon and subject to the terms and conditions of the Stipulation, as follows.

### 1. Definitions

As used in the Stipulation the following terms have the meanings specified below:

1.1 "Authorized Claimant" means any member of the Class who submits a timely and valid Proof of Claim and Release form and whose claim for recovery has been allowed pursuant to the terms of the Stipulation.

1.2 "Claims Administrator" means the firm of Gilardi & Co. LLC.

1.3 "Class" means all persons who purchased the common stock of Rubicon pursuant to the Company's March 2014 Offering. Excluded from the Class are Defendants, the officers and directors of Rubicon, Canaccord, and D.A. Davidson, members of the immediate families of the Individual Defendants, any person, firm, trust, corporation or other entity in which any Defendant has a controlling interest or which is related to or affiliated with any Defendant, and the legal representatives, agents, affiliates, heirs, successors-in-interest or assigns of any such excluded party. Also excluded from the Class are those Persons who timely and validly exclude themselves therefrom.

1.4 "Class Member" means a Person who falls within the definition of the Class as set forth in ¶1.3 of this Stipulation.

1.5 "Defendants" means Rubicon, Raja M. Parvez, William F. Weissman, Don N. Aquilano, Donald R. Caldwell, Michael E. Mikolajczyk, Raymond J. Spencer, Canaccord, and D.A. Davidson.

1.6 "Effective Date" means the first date by which all of the events and conditions specified in ¶8.1 of the Stipulation have been met and have occurred.

1.7 "Escrow Account" means the account controlled by the Escrow Agent.

1.8 "Escrow Agent" means Robbins Geller Rudman & Dowd LLP or its successor(s).

1.9 "Final" means when the last of the following with respect to the Judgment approving the Settlement, in the form of Exhibit B attached hereto, shall occur: (i) the expiration of the time to file a motion to alter or amend the Judgment under Federal Rule of Civil Procedure 59(e) has passed without any such motion having been filed; (ii) the expiration of the time in which to appeal the Judgment has passed without any appeal having been taken; and (iii) if a motion to alter or amend is filed or if an appeal is taken, the determination of that motion or appeal such that it is no longer subject to any further judicial review or appeal whatsoever, and in such a manner as to permit the consummation of the Settlement, in accordance with the terms and conditions of this Stipulation. For purposes of this paragraph, an "appeal" shall include any petition for a writ of certiorari or other writ that may be filed in connection with approval or disapproval of this Settlement, but shall not include any appeal that concerns only the issue of attorneys' fees and expenses or any Plan of Allocation of the Settlement Fund.

1.10 "Individual Defendants" means Raja M. Parvez, William F. Weissman, Don N. Aquilano, Donald R. Caldwell, Michael E. Mikolajczyk, and Raymond J. Spencer.

1.11 "Judgment" means the judgment and order of dismissal to be rendered by the Court upon approval of the Settlement, substantially in the form attached hereto as Exhibit B.

1.12 "Lead Counsel" means Robbins Geller Rudman & Dowd LLP and Abraham, Fruchter & Twersky, LLP.

1.13 "Lead Plaintiff" means Firerock Global Opportunity Fund LP.

1.14 "Net Settlement Fund" means the portion of the Settlement Fund that shall be distributed to Authorized Claimants as allowed by the Stipulation, the Plan of Allocation, or the Court, after provision for the amounts set forth in ¶6.4 of this Stipulation.

1.15 "Person" means an individual, corporation, partnership, limited partnership, association, joint stock company, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any business or legal entity and his, her, or its spouses, heirs, predecessors, successors, representatives, or assignees.

1.16 "Plaintiff's Counsel" means any counsel who entered an appearance in the Action or any action that has been consolidated with this Action.

1.17 "Plan of Allocation" means a plan or formula of allocation of the Net Settlement Fund whereby the Net Settlement Fund shall be distributed to Authorized Claimants. Any Plan of Allocation is not part of the Stipulation and the Released Persons shall have no responsibility or liability with respect to the Plan of Allocation.

1.18 "Related Persons" means, with respect to Defendants, each and all of their respective present or former parents, subsidiaries, affiliates, successors, and assigns, and each and all of their respective present or former officers, directors, employees, employers, attorneys, accountants, financial advisors, commercial bank lenders, insurers, reinsurers, investment bankers, representatives, general and limited partners and partnerships, heirs, executors, administrators, successors, affiliates, agents, spouses, associates, and assigns of each of them or any trust of which

any Defendant and/or their Related Persons is the settlor or which is for the benefit of any Defendant and/or their Related Persons and/or member(s) of his or her family and any entity in which any such Defendant and/or their Related Persons has a controlling interest.

1.19 "Released Claims" means any and all claims, causes of action, rights, actions, suits, obligations, debts, demands, judgments, agreements, promises, liabilities, damages, losses, controversies, costs, expenses or attorney fees, of every nature and description whatsoever that were, may have been, or could have been asserted in the Action and whether direct or indirect, now known or unknown, fixed or contingent, suspected or unsuspected, whether or not concealed or hidden, accrued or unaccrued, liquidated or unliquidated, in law or in equity, whether having arisen or yet to arise, including, without limitation, "Unknown Claims" as defined in ¶1.25 hereof, and any claims of violations of federal or state securities laws and any federal or state claims of fraud, intentional misrepresentation, negligent misrepresentation, negligence, gross negligence, breach of fiduciary duty, or violations of any state or federal statutes, rules, or regulations that have been or could have been alleged or asserted now or in the future by Lead Plaintiff or any Class Member against Defendants or any of them or any of the Released Persons in this Action or in any other court action or before any administrative body, tribunal, arbitration panel, or other adjudicatory body, arising out of, relating to, or in connection with: (a) both a Class Member's legal or beneficial acquisition of Rubicon's common stock pursuant to the Company's March 2014 Offering and any acts, facts, transactions, events, occurrences, representations, disclosures, nondisclosures, statements, omissions, allegations, practices, claims, or failures to act that were, may have been, or could have been alleged, set forth, claimed, or referred to in the Action or the subject matter of the Action; or (b) any claims relating to the institution, prosecution, assertion, settlement, or resolution of the Action.

1.20 "Released Persons" means each and all of Defendants and each and all of their Related Persons.

1.21 "Settlement Amount" means Two Million Five Hundred Thousand Dollars ($2,500,000) in cash paid by or on behalf of Defendants pursuant to ¶3.1 of this Stipulation.

1.22 "Settlement Fund" means the Settlement Amount, together with all interest and income earned thereon after being transferred to an account controlled by the Escrow Agent. Such amount is paid as consideration for full and complete settlement of all the Released Claims.

1.23 "Settling Parties" means Defendants and Lead Plaintiff on behalf of itself and the Class Members.

1.24 "Underwriter Defendants" means Canaccord and D.A. Davidson.

1.25 "Unknown Claims" means all claims that fall within the above definition of Released Claims which Lead Plaintiff or any Class Member does not know or suspect to exist in his, her, or its favor at the time of the release of the Released Persons which, if known by him, her, or it, might have affected his, her, or its settlement with and release of the Released Persons, or might have affected his, her, or its decision not to object to this Settlement. With respect to any and all Released Claims, the Settling Parties stipulate and agree that, upon the Effective Date, Lead Plaintiff shall expressly and each of the Class Members shall be deemed to have, and by operation of the Judgment shall have, expressly waived to the fullest extent permitted by law the provisions, rights, and benefits of California Civil Code §1542, which provides:

> **A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.**

Lead Plaintiff shall expressly and each of the Class Members shall be deemed to have, and by operation of the Judgment shall have, expressly waived any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to California Civil Code §1542. Lead Plaintiff and Class

Members may hereafter discover facts in addition to or different from those which he, she, or it now knows or believes to be true with respect to the subject matter of the Released Claims, but Lead Plaintiff shall expressly, and each Class Member, upon the Effective Date, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever settled and released any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct that is negligent, intentional, with or without malice, or a breach of any duty, law, or rule, without regard to the subsequent discovery or existence of such different or additional facts, whether or not previously or currently asserted in any action. Lead Plaintiff acknowledges, and the Class Members shall be deemed by operation of the Judgment to have acknowledged, that the foregoing waiver was separately bargained for and is an essential term of the Settlement of which this release is a part.

**2. CAFA Notice**

2.1 Pursuant to the Class Action Fairness Act ("CAFA"), no later than ten (10) days after the Settlement Agreement is filed with the Court, Rubicon shall cause and pay for notice of the proposed Settlement to be served upon the United States Attorney General and each State Attorney General. Simultaneously, Rubicon shall provide a copy of such notice as well as proof of service of such notice to Lead Counsel.

**3. The Settlement**

**a. The Settlement Amount**

3.1 Rubicon shall pay or cause to be paid the Settlement Amount to an account controlled by the Escrow Agent within fifteen (15) business days after the later of: (a) the order granting the motion for preliminary approval, or (b) the receipt by Defendants' counsel of wire/check payee

instructions and a Form W-9 providing the tax identification number for the Escrow Account. These funds, together with any interest and income earned thereon once transferred, shall constitute the Settlement Fund.

**b. The Escrow Agent**

3.2 The Escrow Agent shall invest the Settlement Amount deposited pursuant to ¶3.1 hereof in instruments backed by the full faith and credit of the United States Government or fully insured by the United States Government or an agency thereof and shall reinvest the proceeds of these instruments as they mature in similar instruments at their then-current market rates. All costs and risks related to the investment of the Settlement Fund in accordance with the guidelines set forth in this paragraph shall be borne by the Settlement Fund.

3.3 The Escrow Agent shall not disburse the Settlement Fund except: (a) as provided in the Stipulation, (b) by an order of the Court, or (c) with the written agreement of counsel for the Settling Parties.

3.4 Subject to further order(s) and/or directions as may be made by the Court, or as provided in the Stipulation, the Escrow Agent is authorized to execute such transactions as are consistent with the terms of the Stipulation. The Released Persons shall have no responsibility for, interest in, or liability whatsoever with respect to, the actions of the Escrow Agent, or any transaction executed by the Escrow Agent.

3.5 All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

3.6 Prior to the Effective Date, the Escrow Agent, without further approval of Defendants or the Court, may pay from the Settlement Fund up to $200,000 in notice and administration costs associated with the administration of the Settlement, including, without limitation: the cost of

identifying and locating members of the Class, mailing the Notice of Pendency and Proposed Settlement of Class Action ("Notice") and Proof of Claim and Release and publishing notice (such amount shall include, without limitation, the actual costs of publication, printing and mailing the Notice, and reimbursement to nominee owners for forwarding notice to their beneficial owners), soliciting Class claims, assisting with the filing of claims, administering and distributing the Net Settlement Fund to Authorized Claimants, processing Proof of Claim and Release forms, and paying escrow fees and costs, if any, and the administrative expenses incurred and fees charged by the Claims Administrator in connection with providing notice and processing the submitted claims ("Class Notice and Administration Costs"). Prior to the Effective Date, payment of any Class Notice and Administration Costs exceeding $200,000 shall require notice to and agreement from Defendants, through Defendants' counsel, which agreement shall not be unreasonably refused. Subsequent to the Effective Date, without further approval by Defendants or the Court, the Settlement Fund may be used by the Escrow Agent to pay reasonable and necessary Class Notice and Administration Costs in excess of $200,000.

**c. Taxes**

**Qualified Settlement Fund**

3.7 (a) The Settling Parties agree to treat the Settlement Fund as being at all times a "Qualified Settlement Fund" within the meaning of Treasury Regulation §1.468B-1. In addition, the Escrow Agent shall timely make such elections as necessary or advisable to carry out the provisions of this ¶3.7, including the "relation-back election" (as defined in Treasury Regulation §1.468B-1) back to the earliest permitted date. Such elections shall be made in compliance with the procedures and requirements contained in such regulations. It shall be the responsibility of the Escrow Agent to timely and properly prepare and deliver the necessary documentation for signature by all necessary parties, and thereafter to cause the appropriate filing to occur.

(b) For the purpose of §1.468B of the Internal Revenue Code of 1986, as amended, and the regulations promulgated thereunder, the "administrator" shall be the Escrow Agent. The Escrow Agent shall timely and properly file all informational and other tax returns necessary or advisable with respect to the Settlement Fund (including, without limitation, the returns described in Treasury Regulation §1.468B-2(k)). Such returns (as well as the election described in ¶3.7(a) hereof) shall be consistent with this ¶3.7 and in all events shall reflect that all Taxes (including any estimated Taxes, interest, or penalties) on the income earned by the Settlement Fund shall be paid out of the Settlement Fund as provided in ¶3.7(c) hereof.

(c) All (a) Taxes (including any estimated Taxes, interest, or penalties) arising with respect to the income earned by the Settlement Fund, including any Taxes or tax detriments that may be imposed upon the Released Persons or their counsel with respect to any income earned by the Settlement Fund for any period during which the Settlement Fund does not qualify as a "Qualified Settlement Fund" for federal or state income tax purposes ("Taxes"), and (b) expenses and costs incurred in connection with the operation and implementation of this ¶3.7 (including, without limitation, expenses of tax attorneys and/or accountants and mailing and distribution costs and expenses relating to filing (or failing to file) the returns described in this ¶3.7) ("Tax Expenses"), shall be paid out of the Settlement Fund; in all events the Released Persons and their counsel shall have no liability or responsibility for the Taxes or the Tax Expenses. The Settlement Fund shall indemnify and hold each of the Released Persons and their counsel harmless for Taxes and Tax Expenses (including, without limitation, Taxes payable by reason of any such indemnification). Further, Taxes and Tax Expenses shall be treated as, and considered to be, a cost of administration of the Settlement Fund and shall be timely paid by the Escrow Agent out of the Settlement Fund without prior order from the Court, and the Escrow Agent shall be obligated (notwithstanding anything herein to the contrary) to withhold from distribution to Authorized Claimants any funds

necessary to pay such amounts, including the establishment of adequate reserves for any Taxes and Tax Expenses (as well as any amounts that may be required to be withheld under Treasury Regulation §1.468B-2(l)(2)); neither the Released Persons nor their counsel are responsible nor shall they have any liability therefor. The Settling Parties hereto agree to cooperate with the Escrow Agent, each other, and their tax attorneys and accountants to the extent reasonably necessary to carry out the provisions of this ¶3.7.

**d. Termination of Settlement**

3.8 In the event the Stipulation: (i) is not approved; (ii) is terminated, canceled, or fails to become effective for any reason, including, without limitation, in the event the Judgment is reversed or vacated following any appeal taken therefrom; or (iii) is successfully collaterally attacked, the Settlement Fund (including accrued interest) less expenses actually incurred or due and owing for Class Notice and Administration Costs, Taxes or Tax Expenses pursuant to ¶¶3.6 or 3.7, shall be refunded pursuant to written instructions from Defendants' counsel.

**4. Notice Order and Settlement Hearing**

4.1 Promptly after execution of the Stipulation, the Settling Parties shall submit the Stipulation together with its exhibits (the "Exhibits") to the Court and shall apply for entry of an order (the "Notice Order"), substantially in the form of Exhibit A attached hereto, requesting, *inter alia*, the preliminary approval of the Settlement set forth in the Stipulation, certification of the Class for settlement purposes, and approval for the mailing of the Notice and publication of the Summary Notice, in the forms of Exhibits A-1 and A-3 attached hereto. Pursuant to this Court's Case Management Procedures, Lead Counsel will, at the time of filing the application for preliminary approval, submit a proposed order substantially in the form of Exhibit A to the email address designated by the Court. The Notice shall include the general terms of the Settlement set forth in the

Stipulation, the proposed Plan of Allocation, the general terms of the Fee and Expense Application, as defined in ¶7.1 hereof, and the date of the Settlement Hearing as defined below.

4.2 Lead Counsel shall request that after notice is given to the Class, the Court hold a hearing (the "Settlement Hearing") and approve the Settlement of the Action as set forth herein. At or after the Settlement Hearing, Lead Counsel also shall request that the Court approve the proposed Plan of Allocation and the Fee and Expense Application.

**5. Releases**

5.1 Upon the Effective Date, Lead Plaintiff and each of the Class Members (who have not validly opted out of the Class) shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged against the Released Persons (whether or not such Class Member executes and delivers a Proof of Claim and Release form) any and all Released Claims (including, without limitation, Unknown Claims), as well as any claims arising out of, relating to, or in connection with, the defense, settlement, or resolution of the Action or the Released Claims.

5.2 Upon the Effective Date, Lead Plaintiff and each of the Class Members (who have not validly opted out of the Class) shall be permanently barred and enjoined from the assertion, institution, maintenance, prosecution, or enforcement against any Released Person, in any state or federal court or arbitral forum, of any and all Released Claims (including, without limitation, Unknown Claims), as well as any claims arising out of, relating to, or in connection with, the defense, settlement, or resolution of the Action or the Released Claims. Upon the Effective Date, and without any further action, Lead Plaintiff and each of the Class Members further agree not to knowingly and voluntarily assist in any way any third-party in commencing or prosecuting any suit against the Released Persons asserting any Released Claim.

5.3 The Proof of Claim and Release to be executed by Class Members shall release all Released Claims against the Released Persons and shall be substantially in the form contained in Exhibit A-2 attached hereto.

5.4 Upon the Effective Date, and without any further action, each of the Released Persons shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged Lead Plaintiff, each and all of the Class Members, and Lead Plaintiff's counsel from all claims (including, without limitation, Unknown Claims) arising out of, relating to, or in connection with, the institution, prosecution, assertion, settlement, or resolution of the Action or the Released Claims.

## 6. Administration and Calculation of Claims, Final Awards, and Supervision and Distribution of the Settlement Fund

6.1 The Claims Administrator, subject to such supervision and direction of the Court as may be necessary or as circumstances may require, shall provide notice of the Settlement to the Class, shall administer and calculate the claims submitted by Class Members, and shall oversee distribution of the Net Settlement Fund to Authorized Claimants.

6.2 Within ten (10) calendar days after execution of this Stipulation, counsel for Rubicon shall provide the Claims Administrator and Lead Counsel with a list of names and addresses of record holders of Rubicon common stock who purchased Rubicon common stock pursuant to the March 2014 Offering. This information shall be provided in an electronic format acceptable to the Claims Administrator. Rubicon shall be responsible for any costs or expenses related to providing this information.

6.3 In accordance with the schedule set forth in the Notice Order, Lead Counsel will cause to be mailed by the Claims Administrator to all shareholders of record, identified on the Claims Administrator's list, the Notice, substantially in the form of Exhibit A-1 attached hereto, and

a Proof of Claim and Release, substantially in the form of Exhibit A-2 attached hereto. The Notice shall set forth the terms of the Stipulation, the proposed Plan of Allocation and Lead Counsel's request for attorneys' fees and expenses; the date and time of the Settlement Hearing; the right to object to the Settlement, proposed Plan of Allocation, or request for fees and expenses; the right to appear at the Settlement Hearing; and the right to request exclusion from the Class. The Notice and Proof of Claim and Release form shall also be posted on the Claims Administrator's website. In accordance with the schedule set forth in the Notice Order, the Summary Notice, substantially in the form of Exhibit A-3 attached hereto, will also be published once in the national edition of *Investor's Business Daily* and once over a national newswire service. The cost of providing such notice shall be paid out of the Settlement Fund.

6.4 The Settlement Fund shall be applied as follows:

(a) to pay all Class Notice and Administration Costs;

(b) to pay Taxes and Tax Expenses;

(c) to pay Lead Counsel's attorneys' fees and expenses (the "Fee and Expense Award"), if and to the extent allowed by the Court; and

(d) to distribute the Net Settlement Fund to Authorized Claimants as allowed by the Stipulation, the Plan of Allocation, or the Court.

6.5 Upon the Effective Date and thereafter, and in accordance with the terms of the Stipulation, the Plan of Allocation, or such further approval and further order(s) of the Court as may be necessary or as circumstances may require, the Net Settlement Fund shall be distributed to Authorized Claimants, subject to and in accordance with the following.

6.6 Each Person claiming to be an Authorized Claimant shall be required to submit to the Claims Administrator a completed Proof of Claim and Release, substantially in the form of Exhibit A-2 attached hereto, postmarked or submitted electronically by no later than ninety (90) calendar

days after the Notice Date (as defined in Exhibit A attached hereto), or such other time as may be set by the Court (the "Bar Date"), signed under penalty of perjury and supported by such documents as are specified in the Proof of Claim and Release and as are reasonably available to such Person.

6.7 Except as otherwise ordered by the Court, all Class Members who fail to submit a Proof of Claim and Release by the Bar Date, or such other period as may be ordered by the Court, or who submit a Proof of Claim and Release that is finally rejected, shall be forever barred from receiving any payments pursuant to the Stipulation and the Settlement set forth herein, but will in all other respects be subject to and bound by the provisions of the Stipulation, the releases contained herein, and the Judgment. Notwithstanding the foregoing, Lead Counsel shall have the discretion (but not the obligation) to accept for processing late-submitted claims so long as the distribution of the Net Settlement Fund to Authorized Claimants is not materially delayed thereby. Lead Counsel shall have no liability for not accepting late claims.

6.8 The Claims Administrator shall calculate the claims of Authorized Claimants in accordance with the Plan of Allocation. Following the Effective Date, the Claims Administrator shall send to each Authorized Claimant his, her, or its *pro rata* share of the Net Settlement Fund. No distributions will be made to Authorized Claimants who would otherwise receive a distribution of less than $10.00.

6.9 Defendants shall not have a reversionary interest in the Net Settlement Fund. If there is any balance remaining in the Net Settlement Fund after a reasonable time from the date of the initial distribution of the Net Settlement Fund, Lead Counsel shall, if feasible, distribute such balance among Authorized Claimants in an equitable and economic fashion. These redistributions shall be repeated until the balance remaining in the Net Settlement Fund is *de minimis* and such remaining balance shall then be donated to an appropriate non-profit organization designated by Lead Counsel.

6.10 The Released Persons shall have no responsibility for, interest in, or liability whatsoever to any person or entity including, but not limited to, Lead Plaintiff, other Class Members, any other plaintiffs, any Class Member's counsel, or Lead Counsel with respect to the distribution of the Net Settlement Fund, the Plan of Allocation, the determination, administration, or calculation of claims, the payment or withholding of Taxes, or any losses incurred in connection therewith. Without limiting the foregoing, the Released Persons shall not be liable to any person with regard to any disclosure to or by the Claims Administrator of personal or potentially private account information, including, without limitation, the names, addresses, and account transaction data for individual Class Members, the accuracy of such information, or the identity of the Class Members.

6.11 Defendants take no position with respect to the Plan of Allocation.

6.12 It is understood and agreed by the Settling Parties that any proposed Plan of Allocation of the Net Settlement Fund, including, but not limited to, any adjustments to an Authorized Claimant's claim set forth therein, is not a part of the Stipulation and is to be considered by the Court separately from the Court's consideration of the fairness, reasonableness, and adequacy of the Settlement set forth in the Stipulation, and any order or proceeding relating to the Plan of Allocation shall not operate to terminate or cancel the Stipulation or affect the finality of the Court's Judgment approving the Stipulation and the Settlement set forth therein, or any other orders entered pursuant to the Stipulation. Class Members and Defendants shall be bound by the terms of this Stipulation, irrespective of whether the Court disapproves or modifies the Plan of Allocation.

6.13 No Person shall have any claim against Lead Plaintiff, Lead Counsel, Released Persons, Defendants' counsel, or the Claims Administrator based on distributions made substantially in accordance with the Settlement, the Stipulation, and the Plan of Allocation, or otherwise as further ordered by the Court.

**7. Lead Counsel's Attorneys' Fees and Expenses**

7.1 Lead Counsel may submit an application or applications (the "Fee and Expense Application") for distributions to them from the Settlement Fund for: (a) an award of attorneys' fees; plus (b) expenses or costs in connection with prosecuting the Action; plus (c) interest on both amounts. Any and all such fees, expenses, and costs awarded by the Court shall be payable solely out of the Settlement Fund.

7.2 The fees, expenses, and costs, as awarded by the Court, shall be paid to Lead Counsel from the Settlement Fund, as ordered, within 30 days following any order by the Court awarding such fees and expenses. This provision shall apply notwithstanding timely objections to, potential for appeal from, or collateral attack on, the Settlement or the award of fees and expenses. Lead Counsel shall thereafter allocate the attorneys' fees amongst themselves and other Plaintiff's Counsel in a manner that Lead Counsel in good faith believe reflects the contributions of such counsel to the institution, prosecution, and settlement of the Action. Any such awards shall be paid solely by the Settlement Fund. In the event that the Judgment or the order awarding such fees and expenses paid to Lead Counsel pursuant to ¶7.1 is reversed or modified, or if the Settlement is cancelled or terminated for any reason, then Lead Counsel shall, in an amount consistent with such reversal or modification, refund such fees or expenses to the Settlement Fund, plus interest earned thereon at the same rate as earned on the Settlement Fund, within twenty (20) business days from receiving notice from Defendants' counsel or from a court of competent jurisdiction after any appeal from such order is fully exhausted. Any refunds required pursuant to this paragraph shall be the obligation of each Plaintiff's Counsel receiving fees or expenses (to the extent of such amounts received) to make appropriate refunds or repayments to the Settlement Fund. Each Plaintiff's Counsel, as a condition of receiving such fees, expenses and/or costs on behalf of itself and each

partner and/or shareholder of it, agrees that its law firm and its partners and/or shareholders are subject to the jurisdiction by the Court for the purpose of enforcing the provisions of this paragraph.

7.3 The procedure for and the allowance or disallowance by the Court of the Fee and Expense Application, to be paid out of the Settlement Fund, are not part of the Settlement set forth in the Stipulation, and any order or proceeding relating to the Fee and Expense Application, or any appeal from any order relating thereto or reversal or modification thereof, shall not operate to terminate or cancel the Stipulation, or affect or delay the finality of the Judgment approving the Stipulation and the Settlement of the Action.

7.4 Defendants, Defendants' insurers, and Defendants' Related Persons shall not have any responsibility for any payment of attorneys' fees and expenses to Lead Counsel or any Class Member's counsel apart from payment of the Settlement Amount pursuant to ¶3.1.

7.5 Released Persons shall have no responsibility for the allocation among Lead Counsel, Lead Plaintiff's counsel or any Class Member's counsel, and/or any other Person who may assert any claim thereto, of any Fee and Expense Award that the Court may make in the Action.

**8. Conditions of Settlement, Effect of Disapproval, Cancellation, or Termination**

8.1 The Effective Date of the Stipulation shall be conditioned on the occurrence of all of the following events:

(a) execution of the Stipulation and such other documents as may be required to obtain final Court approval of the Stipulation in a form satisfactory to the Settling Parties;

(b) the Settlement Amount has been deposited into the Escrow Account;

(c) Defendants have not exercised their option to terminate the Stipulation pursuant to ¶8.3 hereof;

(d) the Court has entered the Notice Order, substantially in the form of Exhibit A hereto, as required by ¶4.1 hereof;

(e) the Court has entered the Judgment, substantially in the form of Exhibit B hereto; and

(f) the Judgment has become Final, as defined in ¶1.9 hereof.

8.2 Upon the occurrence of all of the events referenced in ¶8.1 hereof, any and all remaining interest or right of Defendants in or to the Settlement Fund, if any, shall be absolutely and forever extinguished. If all of the conditions specified in ¶8.1 hereof are not met, then the Stipulation shall be canceled and terminated subject to ¶8.4 hereof unless Lead Counsel and counsel for Defendants mutually agree in writing to proceed with the Settlement.

8.3 If, prior to the Settlement Hearing, Persons who otherwise would be members of the Class have timely requested exclusion from the Class in accordance with the provisions of the Notice Order and the Notice given pursuant thereto, and such Persons in the aggregate purchased a number of shares of Rubicon common stock pursuant to the March 2014 Offering in an amount greater than the sum specified in a separate Supplemental Agreement Regarding Requests for Exclusion ("Supplemental Agreement") executed between Lead Plaintiff and Defendants, Defendants shall have the option (which option must be exercised unanimously) to terminate this Stipulation and Settlement in accordance with the procedures set forth in the Supplemental Agreement. The Supplemental Agreement will not be filed with the Court unless and until a dispute between Lead Plaintiff and Defendants concerning its interpretation or application arises. Copies of all requests for exclusion received, together with copies of all written revocations of requests for exclusion, shall be promptly delivered to Defendants' counsel by Lead Counsel or the Claims Administrator, and in any event not less than fourteen (14) days prior to the Settlement Hearing. Defendants may terminate the Stipulation and Settlement by serving written notice of termination on the Court and Lead Counsel

on or before five (5) business days after the receipt of all of the copies of the requests for exclusion, on or before five (5) business days after the Court grants additional time for exclusion for any reason, or on or before three (3) business days before the Settlement Hearing, whichever occurs last. In the event that Defendants serve a written notice of termination, Defendants may withdraw their written notice of termination by providing written notice of such withdrawal to Lead Counsel and to the Court by no later than 5:00 PM Eastern Time on the day prior to the Settlement Hearing, or by such later date as shall be agreed upon in writing as between Lead Counsel and Defendants' counsel.

8.4 Unless otherwise ordered by the Court, in the event the Stipulation shall terminate, or be canceled, or shall not become effective for any reason, within five (5) business days after written notification of such event is sent by counsel for Defendants or Lead Counsel to the Escrow Agent, the Settlement Fund (including accrued interest), less expenses which have either been incurred or disbursed pursuant to ¶¶3.6 or 3.7 hereof, shall be refunded pursuant to written instructions from Defendants' counsel.

8.5 In the event that the Stipulation is not approved by the Court or the Settlement set forth in the Stipulation is terminated or fails to become effective in accordance with its terms, the Settling Parties shall be restored to their respective positions in the Action as of October 29, 2015, and the Settlement Fund (including accrued interest), less expenses which have either been incurred or disbursed pursuant to ¶¶3.6 or 3.7 shall be returned to the original source of the Settlement Fund. In such event, the terms and provisions of the Stipulation, with the exception of ¶¶1.1-1.25, 3.6-3.8, 7.2, 8.4-8.5 and 9.3-9.4 hereof, shall have no further force and effect with respect to the Settling Parties and shall not be used in this Action or in any other proceeding for any purpose, and any Judgment or order entered by the Court in accordance with the terms of the Stipulation shall be treated as vacated, *nunc pro tunc*, and the Settling Parties shall be deemed to return to their status as of October 29, 2015. No order of the Court or modification or reversal on appeal of any such order

of the Court concerning the Plan of Allocation or the amount of any attorneys' fees, costs, and expenses, and interest awarded by the Court to Lead Counsel shall constitute grounds for cancellation or termination of the Stipulation.

8.6 Lead Counsel shall have the right but not the obligation to terminate the Settlement twenty-one (21) calendar days after the failure of Rubicon to timely pay the Settlement Amount.

**9. Miscellaneous Provisions**

9.1 The Settling Parties: (a) acknowledge that it is their intent to consummate this Stipulation; and (b) agree to cooperate to the extent reasonably necessary to effectuate and implement all terms and conditions of the Stipulation and to exercise their best efforts to accomplish the foregoing terms and conditions of the Stipulation expeditiously.

9.2 The Settling Parties intend this Settlement to be a final and complete resolution of all disputes between them with respect to the Action. The Settlement shall not be deemed an admission by any Settling Party or any of the Released Persons as to the merits of any claim or defense. The Settling Parties and their counsel agree that all parties and their counsel have acted in compliance with Rule 11 of the Federal Rules of Civil Procedure relating to the prosecution, defense or settlement of the Action, and the Final Judgment shall contain a finding that all Settling Parties and their counsel complied with the requirements of Rule 11 with respect to the institution, prosecution, defense, and resolution of the Action. The Settling Parties agree that the Settlement Amount and the other terms of the Settlement were negotiated in good faith at arm's length by the Settling Parties and reflect a settlement that was reached voluntarily after consultation with competent legal counsel. The Settling Parties reserve their right to rebut, in a manner that such party determines to be appropriate, any contention made in any public forum regarding the Action, including that the Action was brought or defended in bad faith or without a reasonable basis.

9.3 Neither the Stipulation nor the Settlement contained herein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of the Released Persons; or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of the Released Persons; or (c) is or may be deemed to be or may be used as an admission or evidence that any claims asserted by Lead Plaintiff were not valid or that the amount recoverable was not greater than the Settlement Amount, in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal. The Released Persons may file the Stipulation and/or the Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

9.4 All of the Exhibits to the Stipulation are material and integral parts hereof and are fully incorporated herein by this reference.

9.5 The headings herein are used for the purpose of convenience only and are not meant to have legal effect.

9.6 The Stipulation may be amended or modified only by a written instrument signed by or on behalf of all Settling Parties or their respective successors-in-interest.

9.7 No waiver of any term or provision of this Settlement Agreement, or of any breach or default hereof or hereunder, shall be valid or effective unless in writing and signed by or on behalf of all Settling Parties or their respective successors-in-interest. No waiver of any term or provision of this Settlement Agreement, or of any breach or default hereof or hereunder, shall be construed as a waiver of the same or any other term or provision or of any previous or subsequent breach thereof.

9.8 The Stipulation and the Exhibits attached hereto (together with the Supplemental Agreement referred to in ¶8.3) constitute the entire agreement among the Settling Parties and no representations, warranties, or inducements have been made to any Settling Party concerning the Stipulation or its Exhibits other than the representations, warranties, and covenants contained and memorialized in such documents. Except as otherwise provided herein (or, as between or among Defendants and/or their insurers, in any separate agreements between or among them), each Settling Party shall bear its own costs.

9.9 This Settlement Agreement shall be construed and interpreted to effectuate the intent of the Settling Parties, which is to resolve completely those claims and disputes, asserted or which could be asserted by Lead Plaintiff and Class Members who have not timely excluded themselves from the Class, including in the Action, and as more fully described herein. If any provision of this Settlement Agreement shall be determined to be invalid, void, or illegal, such provision shall be construed and amended in a manner that would permit its enforcement, but in no event shall such provision affect, impair, or invalidate any other provision hereof.

9.10 Neither the Class Members nor Defendants shall be bound by the Stipulation if the Court modifies material terms thereof, provided, however, that it shall not be a basis for Class Members to terminate the Settlement if the Court modifies any proposed Plan of Allocation or criteria for allocation of the Net Settlement Fund amongst Class Members, or the Plan of Allocation is modified on appeal. Nor shall it be a basis to terminate the Stipulation if the Court disapproves of or modifies the terms of this Stipulation with respect to attorneys' fees or expenses or the distribution of the Net Settlement Fund. Notwithstanding any such modification of the terms or Plan of Allocation or the Stipulation with respect to attorneys' fees or expenses, Defendants and Defendants' insurers shall be entitled to all benefits of the Settlement and shall not, under any circumstances, be called upon to contribute funds in addition to the Settlement Amount.

9.11 Lead Counsel, on behalf of the Class, are expressly authorized by Lead Plaintiff to take all appropriate action required or permitted to be taken by the Class pursuant to the Stipulation to effectuate its terms and also are expressly authorized to enter into any modifications or amendments to the Stipulation on behalf of the Class which they deem appropriate.

9.12 Lead Plaintiff and Lead Counsel represent and warrant that none of Lead Plaintiff's claims or causes of action referred to in this Action or this Stipulation has been assigned, encumbered, or in any manner transferred in whole or in part.

9.13 Each counsel or other Person executing the Stipulation or any of its Exhibits on behalf of any Settling Party hereby warrants that such Person has the full authority to do so.

9.14 All notices, requests, demands, claims, and other communications hereunder shall be in writing and shall be deemed duly given: (i) when delivered personally to the recipient, (ii) one (1) business day after being sent to the recipient by reputable overnight courier service (charges prepaid), or (iii) five (5) business days after being mailed to the recipient by certified or registered mail, return receipt requested and postage prepaid, and addressed to the intended recipient as set forth below:

***If to Lead Plaintiff or to Lead Counsel***:

Jeffrey D. Light
Robbins Geller Rudman & Dowd LLP
655 West Broadway, Suite 1900
San Diego, CA 92101

Jack G. Fruchter
Abraham, Fruchter & Twersky, LLP
One Penn Plaza, Suite 2805
New York, NY 10119

***If to Defendants or to Defendants' Counsel***:

David A. Gordon
Sidley Austin LLP
One South Dearborn Street
Chicago, IL 60603

9.15 The Stipulation may be executed in one or more counterparts. All executed counterparts and each of them shall be deemed to be one and the same instrument. A complete set of executed counterparts shall be filed with the Court.

9.16 The Stipulation shall be binding upon, and inure to the benefit of, the heirs, successors, and assigns of the Settling Parties hereto. Each of the Related Persons is intended as a third-party beneficiary of the Stipulation, and shall be entitled to enforce the releases provided herein for their respective benefit.

9.17 Subject to entry of the Judgment, substantially in the form of Exhibit B hereto, the Court shall retain jurisdiction with respect to implementation and enforcement of the terms of the Stipulation, and all Settling Parties hereto submit to the jurisdiction of the Court for purposes of implementing and enforcing the Settlement embodied in the Stipulation.

9.18 Pending approval of the Court of the Stipulation and its Exhibits, all proceedings in this Action shall be stayed and all members of the Class shall be barred and enjoined from prosecuting any of the Released Claims against any of the Released Persons.

9.19 This Stipulation and the Exhibits hereto shall be considered to have been negotiated, executed, and delivered, and to be wholly performed, in the State of Illinois, and the rights and obligations of the parties to the Stipulation shall be construed and enforced in accordance with, and governed by, the internal, substantive laws of the State of Illinois, without giving effect to that State's choice-of-law principles.

9.20 The Settling Parties agree that this Stipulation and the Exhibits hereto have been negotiated and drafted collectively by all Settling Parties and that no rule of construction shall apply to construe any provision in favor of or against any Settling Party.

IN WITNESS WHEREOF, the parties hereto have caused the Stipulation to be executed, by their duly authorized attorneys, dated January 15, 2016.

ROBBINS GELLER RUDMAN
& DOWD LLP
JAMES E. BARZ (IL Bar #6255605)
FRANK RICHTER (IL Bar #631001)
200 South Wacker Drive, 31st Floor
Chicago, IL 60606
Telephone: 312/674-4674
312/674-4676 (fax)
jbarz@rgrdlaw.com
frichter@rgrdlaw.com

ROBBINS GELLER RUDMAN
& DOWD LLP
SAMUEL H. RUDMAN
58 South Service Road, Suite 200
Melville, NY 11747
Telephone: 631/367-7100
631/367-1173 (fax)
srudman@rgrdlaw.com

ROBBINS GELLER RUDMAN
& DOWD LLP
JEFFREY D. LIGHT

JEFFREY D. LIGHT

655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)
jeffl@rgrdlaw.com

ABRAHAM, FRUCHTER & TWERSKY, LLP
JACK G. FRUCHTER
One Penn Plaza, Suite 2805
New York, NY 10119
Telephone: 212/279-5050
212/279-3655 (fax)
jfruchter@aftlaw.com

Lead Counsel for Lead Plaintiff and the Class

SIDLEY AUSTIN LLP
DAVID F. GRAHAM
DAVID A. GORDON
LAWRENCE P. FOGEL

DAVID A. GORDON

One South Dearborn Street
Chicago, IL 60603
Telephone: 312/853-7000
312/853-7036 (fax)
dgraham@sidley.com
dgordon@sidley.com
lawrence.fogel@sidley.com

Attorneys for Defendants Rubicon Technology, Inc. and the Individual Defendants

WILMER CUTLER PICKERING HALE AND DORR LLP
JOHN F. BATTER, III
GREGORY D. CHISHOLM
SETH A. MOSKOWITZ

/s/ John F. Batter, III
JOHN F. BATTER, III

60 State Street
Boston, MA 02109
Telephone: 617/526-6754
617/526-5000 (fax)
john.batter@wilmerhale.com
gregory.chisholm@wilmerhale.com
seth.moskowitz@wilmerhale.com

REED SMITH LLP
MARK S. HERSH
PETER J. HUH
10 South Wacker Drive
Chicago, IL 60606
Telephone: 312/207-1000
312/207-6400 (fax)
mhersh@reedsmith.com
phuh@reedsmith.com

Attorneys for Defendants Canaccord Genuity Inc. and D.A. Davidson & Co.

CERTIFICATE OF SERVICE

I hereby certify that on January 19, 2016, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I caused to be mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on January 19, 2016.

s/ Jeffrey D. Light

JEFFREY D. LIGHT

ROBBINS GELLER RUDMAN
& DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA 92101-8498
Telephone: 619/231-1058
619/231-7423 (fax)

E-mail: jeffl@rgrdlaw.com

# Mailing Information for a Case 1:15-cv-03813 Firerock Global Opportunity Fund LP v. Rubicon Technology, Inc. et al

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Carlos Barros**
  mheffner@heffnerhurst.com
- **James E Barz**
  jbarz@rgrdlaw.com,e_file_sd@rgrdlaw.com,susanw@rgrdlaw.com
- **John F. Batter , III**
  john.batter@wilmerhale.com
- **Gregory David Chisholm**
  gregory.chisholm@wilmerhale.com
- **Lawrence P Fogel**
  lawrence.fogel@sidley.com,efilingnotice@sidley.com
- **David Andrew Gordon**
  dgordon@sidley.com,efilingnotice@sidley.com
- **David F. Graham**
  dgraham@sidley.com,efilingnotice@sidley.com
- **Matthew Thomas Heffner**
  mheffner@heffnerhurst.com,mhurst@heffnerhurst.com
- **Mark Stuart Hersh**
  mhersh@reedsmith.com
- **Peter J. Huh**
  phuh@reedsmith.com,knielsen@reedsmith.com
- **Jeffrey D. Light**
  jeffl@rgrdlaw.com,e_file_sd@rgrdlaw.com
- **Seth A. Moskowitz**
  seth.moskowitz@wilmerhale.com
- **Brian O O'Mara**
  bomara@rgrdlaw.com,e_file_sd@rgrdlaw.com
- **Frank Anthony Richter**
  frichter@rgrdlaw.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- `(No manual recipients)`