1

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

```
FIREROCK GLOBAL OPPORTUNITY FUND,  )
L.P., individually and on behalf of)
all others similarly situated,     )
                                   )
               Plaintiff,          )
                                   )
      vs.                          )  No. 15 C 3813
                                   )
RUBICON TECHNOLOGY, INC., et al.,  )  Chicago, Illinois
                                   )  May 20, 2016
               Defendants.         )  10:29 o'clock a.m.
```

TRANSCRIPT OF PROCEEDINGS
BEFORE THE HONORABLE MANISH S. SHAH

APPEARANCES:

For the Plaintiff:	ROBBINS GELLER RUDMAN & DOWD, L.L.P.
	BY:  MR. JAMES E. BARZ
	200 South Wacker Drive, Suite 3100
	Chicago, Illinois  60606
	(312) 674-4674

	ROBBINS GELLER RUDMAN & DOWD, L.L.P.
	BY:  MR. JEFFREY D. LIGHT
	655 West Broadway, Suite 1900
	San Diego, California  92101
	(619) 231-1058

	ABRAHAM, FRUCHTER & TWERSKY, L.L.P.
	BY:  MR. PHILIP T. TAYLOR
	One Penn Plaza, Suite 2805
	New York, New York  10119
	(212) 279-5050

For Defendant Rubicon	SIDLEY AUSTIN, L.L.P.
and individual defts.:	BY:  MR. DAVID A. GORDON
	     MR. LAWRENCE P. FOGEL
	One South Dearborn Street
	Chicago, Illinois  60603
	(312) 853-7000

**Colleen M. Conway, Official Court Reporter**

```
 1    APPEARANCES (Continued):

 2

 3    For Defendants Canaccord  WILMER HALE
      and D.A. Davidson & Co.:  BY:  MR. JOHN F. BATTER, III
 4                                   60 State Street
                                     Boston, Massachusetts  02109
 5                                   (617) 526-6000

 6

 7

 8

 9

10

11

12

13

14

15

16

17

18

19

20

21

22
                      COLLEEN M. CONWAY, CSR, RMR, CRR
23                         Official Court Reporter
                    219 South Dearborn Street, Room 1714
24                        Chicago, Illinois  60604
                               (312) 435-5594
25                    colleen_conway@ilnd.uscourts.gov
```

(Proceedings heard in open court:)

THE CLERK: 15 C 3813, Firerock Global Opportunity Fund versus Rubicon Technology.

MR. BARZ: Good morning, Your Honor. Jim Barz on behalf of the plaintiffs. Along with me is Jeff Light from our settlement department out of San Diego. And --

MR. TAYLOR: Good morning, Your Honor. Philip Taylor, Abraham, Fruchter & Twersky.

MR. GORDON: Good morning, Judge. David Gordon and Larry Fogel from Sidley Austin on behalf of Rubicon and the individual defendants.

MR. BATTER: Good morning, Judge. John Batter from Wilmer Kale on behalf of the underwriter defendants.

THE COURT: Good morning. So we're here for final approval, and no objections have been made or noted, no exclusions, as I understand it. No one else is here in court today as well.

I had a couple of questions. My understanding is that claims were due on May 17th.

MR. LIGHT: That's correct, Your Honor.

THE COURT: Do you have any information about any that have been submitted online? Do we have any sense of --

MR. LIGHT: We don't have complete information. They just kind of roll in and then the claims administrator starts processing them once the plan of allocation's approved. So I

1  think there's a hundred-some claims right now that represent
2  around 20 million shares, but there's no way to determine
3  whether those claims are valid or not yet.
4      THE COURT: Okay. Do we know what the notice and
5  administration costs are going to end up being with any more
6  specificity than we did at the beginning of this process?
7      MR. LIGHT: To date, they're about $40,000. I would
8  imagine they wouldn't be more than a hundred thousand dollars.
9      THE COURT: Okay. And then I gather that because the
10 claim information is still pretty preliminary, we don't know
11 yet really anything about how the plan of allocation would
12 actually shake out in terms of what claim values would actually
13 end up being. Is that --
14     MR. LIGHT: That's --
15     THE COURT: -- fair?
16     MR. LIGHT: -- correct, Your Honor.
17     THE COURT: Okay.
18     MR. LIGHT: No, we don't have that information.
19     THE COURT: Okay. And that's not surprising and not
20 an issue as far as I am concerned. I just wanted to know if
21 there was a chance we might have some information on that, on
22 that front.
23     The motion for final approval is granted. I do find
24 that the settlement is a fair and reasonable one. Whether
25 there was misrepresentation and whether there was causation or

1  contestable issues making settlement reasonable, and even with
2  the limited information that we have now, I am confident that
3  there is some actual benefit to individual claimants to be had,
4  and that is a benefit to the class that a settlement achieved
5  that litigation might not have achieved.  And so that course of
6  action was a -- ends up with a fair and reasonable outcome.
7           There has been no opposition, which I do take as
8  indicia of reasonableness.  And I recall that another
9  shareholder appeared very early in the case to possibly become
10 a named plaintiff, and I assume that that shareholder has been
11 monitoring the litigation and hasn't had any objections or
12 reared their head again for what it's worth.  At least I know
13 that someone else out there was aware of this litigation and
14 nobody has --
15           (Counsel laughing.)
16           THE COURT:  And nobody has objected.
17           The plan of allocation is reasonable.  There is a
18 logic to calculating the claim values by the difference between
19 the public offering price and the sale price or the price on
20 April 30th and then allocating those values as percentages of
21 the total claim values does treat class members fairly in my
22 view.
23           The fees and expenses are also reasonable.  I think
24 the fee percentage ends up being a little bit more than 33%
25 when you actually take out the costs of expenses and claims

1 administration and think about it in terms of what the class is
2 actually benefiting from, but it is still well within a
3 reasonable contingent fee for this type of litigation.  And the
4 expenses were also reasonable under the circumstances.
5 So for all of those reasons and for the same reasons
6 that I thought preliminary approval was appropriate, the motion
7 for final approval, for the approval of the plan of allocation
8 and for the fee petition, are all granted.
9 The forms of the orders were also all fine.  We need
10 to plug in the date for the six-month period of potential
11 reinstatement, which those orders are going to get entered, I
12 imagine, today.  So six months from today would be what?
13 THE CLERK:  Let's see.  November 21st, everyone.
14 THE COURT:  Okay.  So we'll plug in that date in the
15 proposed final judgment order and have that entered.
16 And with that, I don't think there is anything else
17 for any of us to do.  And I don't expect, unless there is some
18 problem in the claims stage, to have to see anybody again.  Am
19 I missing anything?
20 MR. BARZ:  No.
21 THE COURT:  From the plaintiff?
22 MR. BARZ:  You're going to take care of the order,
23 then, that you're going to --
24 THE COURT:  I am.
25 MR. BARZ:  -- get from us?

7

1  THE COURT: Yes.
2  MR. BARZ: Okay. Great.
3  MR. LIGHT: Thank you, Your Honor.
4  THE COURT: Anything from the defense?
5  MR. BATTER: Thank you, Your Honor.
6  MR. GORDON: No. Thank you.
7  MR. FOGEL: Thank you.
8  THE COURT: Okay. Thank you.
9  MR. BARZ: Okay. Thank you.
10 MR. LIGHT: Thank you.
11 (Proceedings concluded.)

C E R T I F I C A T E

I, Colleen M. Conway, do hereby certify that the foregoing is a complete, true, and accurate transcript of the proceedings had in the above-entitled case before the HONORABLE MANISH S. SHAH, one of the Judges of said Court, at Chicago, Illinois, on May 20, 2016.

_/s/ Colleen M. Conway, CSR,RMR,CRR_     _06/03/16_
Official Court Reporter                  Date
United States District Court
Northern District of Illinois
Eastern Division

Colleen M. Conway, Official Court Reporter